1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HICKS,                         No.  2:13-cv-1687 DAD P

12              Plaintiff,

13        v.                                ORDER AND

14   BEHROZ HAMKAR et al.,                  FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil

18   rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants" motion

19   to revoke plaintiff"s IFP status pursuant to 28 U.S.C. § 1915(g).  Plaintiff has filed an opposition

20   to the motion, and defendants have filed a reply.

21        Based on the record before the court, and for the reasons set forth below, the undersigned

22   will recommend that defendants" motion to revoke plaintiff"s IFP status be denied.

23                            **BACKGROUND**

24        Plaintiff is proceeding on an amended complaint against defendants Hamkar, Venes,

25   Johnson, Sayre, and Nangalama.[1]  Therein, plaintiff alleges that defendants have denied him

26   adequate medical care for an arthritic condition located in plaintiff"s neck and shoulder area.

27

28   _____

   [1]  Defendant Venes, although named, has not yet appeared in this action.

1

1  According to plaintiff, he suffers from chronic pain, loss of sleep, and stiffness on a daily basis.

2  Plaintiff further alleges that treating his arthritic condition is complicated because he also suffers

3  from Hepatitis C.  According to plaintiff, the only pain relief medication that defendants have

4  ordered for him (Aleve) carries a black box warning for people with liver conditions.  In this

5  regard, plaintiff alleges that he is forced to choose between pain relief and accelerated liver

6  damage.  Plaintiff claims that defendants" refusal to provide him with alternative pain relief,

7  surgery, and/or physical therapy violates his rights under the Eighth Amendment.  (Am. Compl.

8  at 4-18.)

9                                             **ANALYSIS**

10       In defendants" motion to revoke plaintiff"s IFP status, defense counsel argues that the

11  Ninth Circuit Court of Appeals as well as several district courts have already found plaintiff

12  ineligible to proceed IFP because he has accrued at least three strikes for purposes of 28 U.S.C. §

13  1915(g).  Defense counsel also argues that the imminent danger exception to § 1915(g) is not

14  available to plaintiff in this action.  (Defs." Mem. of P. & A. at 2-6.)

15  I.  Legal Standards Applicable Under 28 U.S.C. § 1915(g)

16       "The burden of establishing that three strikes have accrued is on the party challenging the

17  prisoner"s right to proceed in forma pauperis."  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir.

18  2013).  See also Silva v. Vittorio, 658 F.3d 1090, 1097, n. 3 (9th Cir. 2010); O"Neal v. Price, 531

19  F.3d 1146, 1151 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005).  The

20  Ninth Circuit has cautioned that when called upon to determine whether a prior dismissal

21  qualifies as a strike, a subsequent court must be mindful of the following:

22          Not all unsuccessful cases qualify as a strike under § 1915(g).
            Rather, § 1915(g) should be used to deny a prisoner"s IFP status
23          only when, after careful evaluation of the order dismissing an
            action, and other relevant information, the district court determines
24          that the action was dismissed because it was frivolous, malicious or
            failed to state a claim . . . .
25
             [U]nder the plain language of § 1915(g), [ ] prior dismissals [ ]
26          qualify as strikes only if, after reviewing the orders dismissing
            those actions and other relevant information, the district court
27          determine[s] that they ha[ve] been dismissed because they were
            frivolous, malicious or failed to state a claim.  See § 1915(g).
28

2

1   Andrews, 398 F.3d at 1121.  See also Knapp, 738 F.3d at 1109.

2       In addition, in interpreting § 1915(g) the Ninth Circuit has observed:

3
            [T]he legislative history of the PLRA also supports our reading of
            the statute.  While it is clear that Congress enacted § 1915(g) to
4           curb frivolous prisoner complaints and appeals, see Taylor v.
            Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) ("The PLRA filing fee
5           provisions were enacted to deter the large number of frivolous
            inmate lawsuits that were „clogging" the federal courts and
6           „draining" limited judicial resources"), the PLRA's reforms were
            "designed to filter out the bad claims and facilitate consideration of
7           the good."  Jones, 549 U.S. at 204, 127 S. Ct. 910.  "Congress
            intended section 1915(g) only to penalize litigation that is truly
8           frivolous, not to freeze out meritorious claims or ossify district
            court errors."  Adepegba, 103 F.3d at 388; see also Jennings, 175
9           F.3d at 780.  Thus, our reading of the statute "not only respects
            Congress" intent to curb meritless lawsuits, but ensures that
10          meritorious lawsuits are not swept away in the process."  See Lopez
            v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting 141 Cong.
11          Rec. S146110–01, S14267 (daily ed. Sept. 29, 1995)) ("As chief
            sponsor of the PLRA, Senate Judiciary Committee Chairman Orrin
12          Hatch made the following statement:  „I do not want to prevent
            inmates from raising legitimate claims.  This legislation will not
13          prevent those claims from being raised.‴").

14  Silva, 658 F.3d at 1099-1100.

15      The undersigned notes that a myriad of issues surrounding the determination of which

16  dismissals count as a strike under §1915(g) has, in recent years, consumed considerable judicial

17  resources in both the trial and appellate courts.  In part influenced by this fact, the undersigned is

18  persuaded by a relatively recent decision of the Third Circuit Court of Appeals in which that

19  appellate court concluded:

20
            [W]e are ultimately persuaded that the PLRA's purpose is best
            served by taking an approach that does not open the door to more
21          litigation surrounding § 1915(g).  Thus, we adopt the following
            rule:  a strike under § 1915(g) will accrue only if the entire action or
22          appeal is (1) dismissed explicitly because it is "frivolous,"
            "malicious," or "fails to state a claim" or (2) dismissed pursuant to
23          a statutory provision or rule that is limited solely to dismissals for
            such reasons, including (but not necessarily limited to) 28 U.S.C.
24          §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule
            12(b)(6) of the Federal Rules of Civil Procedure.
25
            Applying this rule, we must now decide whether the dismissal of
26          Byrd's appeal in Byrd v. Gillis under § 1915(e)(2)(B) because it
            was "without merit" constitutes a strike.  The dismissal is not
27          encompassed by the first category of our adopted rule.  The terms
            "frivolous," "malicious," or "fails to state a claim" were not used to
28          dismiss the appeal in its entirety.  Although we have often

> associated the term "without merit" with the term "frivolous," we cannot say that these terms have the exact same meaning.
> Regardless, the first category of our new rule requires that the terms "frivolous," "malicious," or "fails to state a claim" be explicitly stated for the dismissal to constitute a strike.

Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) (emphasis added).  See also Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) (same); Keeton v. Cox, No. CIV S-06-1094 GEB KJM, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("Neither of these underlying orders suggested that the action was finally terminated because it was frivolous, malicious or failed to state a claim; rather, the orders found the pleading deficits might be ameliorated.").

II.  Plaintiff's Prior Cases

    With the above principles in mind, the court now turns to the four lawsuits previously filed by plaintiff which defense counsel characterizes as "strikes" in the pending motion to revoke plaintiff's IFP status.[2]

- **Hicks v. Marshall, No. 3:93-cv-04272-CAL (N.D. Cal.)**

    In this case, plaintiff filed a civil rights action under 42 U.S.C. § 1983, claiming a violation of due process under the Fourteenth Amendment.  (Defs." Mot. to Revoke Pl."s IFP Status, Ex. A.)  The United States District Court for the Northern District of California granted defendants" motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Id.)

    Neither party appears to dispute, and this court finds, that this case constitutes a strike for purposes of § 1915(g).

- **Hicks v. Lewis, No. 3:94-cv-02103-CAL (N.D. Cal.)**

    In this case, plaintiff filed a civil rights action under 42 U.S.C. § 1983, claiming a violation of his rights under the Eighth Amendment.  (Defs." Mot. to Revoke Pl."s IFP Status, Ex. B.)  The United States District Court for the Northern District of California summarily dismissed plaintiff's complaint for failure to state a cognizable claim for relief.  (Id.)

/////

---

[2]  Defendants have filed a request for judicial notice of their exhibits, which consist of copies of docket sheets and court orders from plaintiff's previously-filed cases.  Pursuant to Federal Rule of Evidence 201, the court will grant defendant's request.

4

1    Again, neither party appears to dispute, and this court finds, that this case constitutes a

2    strike for purposes of § 1915(g).

3    • **Hicks v. Berkson, No. 1:02-cv-05905 AWI SMS (E.D. Cal.)**

4    In this case, plaintiff filed a civil rights action under 42 U.S.C. § 1983, claiming a

5    violation of his rights under the Eighth Amendment and Fourteenth Amendment.  (Defs." Mot. to

6    Revoke Pl."s IFP Status, Ex. C.)  Magistrate Judge Sandra M. Snyder screened plaintiff"s

7    complaint and dismissed it with leave to amend.  (Id.)  Magistrate Judge Snyder warned plaintiff

8    that his failure to file an amended complaint would result in a recommendation that the action be

9    dismissed for failure to obey a court order and for failure to state a claim upon which relief may

10   be granted.  (Id.)  Subsequently, plaintiff filed a request to withdraw his complaint.  (Id.)

11   Magistrate Judge Snyder issued an order explaining to plaintiff that he could dismiss the action

12   without prejudice by filing a notice of dismissal.  (Id.)  Judge Snyder ordered plaintiff to file

13   either a notice that he wished to dismiss the action or an amended complaint.  (Id.)  Again, Judge

14   Snyder warned plaintiff that failure to file an amended complaint would result in a

15   recommendation that the action be dismissed for failure to obey a court order and for failure to

16   state a claim upon which relief may be granted.  (Id.)  Plaintiff failed to comply with the court"s

17   order, so Judge Snyder issued findings and recommendations, recommending dismissal of the

18   action for plaintiff"s failure to obey a court order and for failure to state a claim.  (Id.)  United

19   States District Judge Anthony Ishii adopted the findings and recommendations in full and

20   dismissed the action.  (Id.)

21   Once more, neither party appears to dispute, and this court finds, that this case constitutes

22   a strike for purposes of § 1915(g).

23   • **Hicks v. Family Healthcare, No. 2:08-cv-05978 UA FMO (C.D. Cal.)**

24   In this case, plaintiff filed a civil rights action under 42 U.S.C. § 1983, claiming

25   negligence and medical malpractice.  (Defs." Mot. to Revoke Pl."s IFP Status, Ex. D.)  Magistrate

26   Judge Fernando M. Olguin recommended dismissal of the action because it was "Legally and/or

27   factually patently frivolous."  United States District Alicemarie H. Stotler adopted the

28   recommendation and terminated the action.

5

1    Again, neither party appears to dispute, and this court finds, that this case constitutes a

2    strike for purposes of § 1915(g).

3    As defense counsel observes, the Ninth Circuit Court of Appeals has found that the four

4    cases discussed above were "dismissed as frivolous or for failure to state a claim" for purposes of

5    § 1915(g).  (Defs." Mot. to Revoke Pl."s IFP Status, Ex. E (Hicks v. Evans, No. 12-17616 (9th

6    Cir.)).  In that case, the Ninth Circuit ordered plaintiff to pay the filing fee or show cause why his

7    in forma pauperis status should not be revoked.  (Id.)  Plaintiff failed to comply with the Ninth

8    Circuit"s order, so the court dismissed plaintiff"s appeal for failure to pay the docketing/filing fees

9    in the case.  (Id.)  Several district courts have also revoked plaintiff"s in forma pauperis status

10   based on the cases discussed above.  (Defs." Mot. to Revoke Pl."s IFP Status, Ex. F (Hicks v.

11   Thomas, No. 1:02-cv-05287 REC DLB (E.D. Cal.)), Ex. G. (Hicks v. John Does 1 thru 5, No.

12   1:07-cv-00006 BLW LMG (E.D. Cal.)), Ex. H (Hicks v. Chrisman, No. 3:13-cv-00505 SI (N.D.

13   Cal.)).

14   Based on the record in this case, and pursuant to the cases cited above, the court finds that

15   defendants have demonstrated that plaintiff accrued three or more strikes under 28 U.S.C. § 1915

16   prior to filing this action.

17   III.   Imminent Danger Exception

18   There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use

19   in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is

20   under imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1056-57.  In his

21   original complaint, plaintiff alleges that he suffers from an arthritic condition as well as Hepatitis

22   C.  (Compl. at 4)  According to plaintiff, the only pain relief medication defendants have ordered

23   for him (Aleve) carries a black box warning for people with liver conditions.  (Id. at 6-8)  In this

24   regard, plaintiff alleges that defendants are forcing him to choose between pain relief and

25   accelerated liver damage.  (Id. at 10)

26   Defense counsel contends that plaintiff alleges a mere disagreement over defendants"

27   chosen course of pain management and that plaintiff"s allegations do not support a plausible

28   inference that he faced imminent danger of serious physical injury when he commenced this

1    action.  Counsel notes that plaintiff attached to his complaint as an exhibit a medical record

2    reflecting that as of June 6, 2013, two months before plaintiff filed his original complaint in this

3    action, plaintiff's liver function tests were within normal limits.  (Defs.' Mem. of P. & A. at 6-10,

4    Pl.'s Compl. Ex. D.)

5            Nonetheless, the undersigned finds that the allegations in plaintiff's original complaint

6    satisfy the imminent danger exception to the three strikes rule.  The Ninth Circuit has made clear

7    that § 1915(g) concerns "only a threshold procedural question" and that district courts should not

8    make an "overly detailed inquiry" into whether plaintiff's allegations qualify for the exception.

9    Andrews, 493 F.3d at 1055.  To illustrate, the Ninth Circuit in Andrews relied on a decision from

10   the Seventh Circuit Court of Appeals in which that court stated:

11
12               The State says [the prisoner's] allegations are not serious enough.
                 However § 1915(g) is not a vehicle for determining the merits of a
                 claim.  To follow the State's logic, a district court would not just
13               need to determine whether a prisoner is alleging some type of
                 ongoing or imminent harm.  It would also need to fine-tune what is
14               "serious enough" to qualify for the exception.  Is being denied heart
                 medication?  What about a cholesterol-lowering drug?  How
                 frequently do beatings need to occur before they are serious?  This
15               would result in a complicated set of rules about what conditions are
                 serious enough, all for the simple statutory provision governing
16               when a prisoner must pay the filing fee for his claim.  This is not
                 required ….
17

18   Id. (quoting Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

19           Instead, the Ninth Circuit held that "the [imminent danger] exception applies if the

20   complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious

21   physical injury' at the time of filing."  Id.  As noted above, plaintiff alleges in his original

22   complaint that the defendants will provide him only with pain relief medication that is known to

23   cause accelerated liver damage.  If true, plaintiff's allegations are not "overly speculative or

24   fanciful" and "more than plausibly raise[] the specter of serious physical injury."  Id. at 1055 &

25   1057 n.11.  See also Jensen v. Knowles, no. 2:02-cv-2373 JKS P, 2008 WL 744726 at *2 (E.D.

26   Cal. Mar. 18, 2008) ("As the court does not intend to play doctor, the Court finds that Plaintiff's

27   allegation that he was deprived of his medically prescribed diabetic meal is a 'plausible

28   allegation' of a danger of serious physical harm.").

                                                    7

1    Accordingly, for all of the foregoing reasons, the court will recommend that plaintiff be

2  allowed to proceed in forma pauperis on his claims against the named defendants in this action.

3                                  **OTHER MATTERS**

4    Also pending before the court is plaintiff's motion to reinstate L.D. Zamora as a defendant

5  in this action.  (Doc. No. 18)  When the court screened plaintiff's amended complaint, it found

6  that the complaint appeared to state a cognizable claim against the named defendants as well as

7  L.D. Zamora.  (Doc. No. 12)  When plaintiff returned the necessary service documents, however,

8  he moved to dismiss Zamora, believing at the time that he would not be able to provide the court

9  with Zamora's address for service of process.  Plaintiff has informed the court that he has since

10 obtained a physical address for this defendant.  In the interest of justice and judicial economy, the

11 court will grant plaintiff's motion to reinstate defendant Zamora and order plaintiff to provide the

12 necessary documents for service of this defendant.

13   Next, plaintiff has requested leave to amend his complaint.  (Doc. No. 25)  Plaintiff's

14 request was not, however, accompanied by a proposed amended complaint as required.  As a

15 prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma

16 pauperis statute.  See 28 U.S.C. § 1915A.  Since plaintiff did not submit a proposed amended

17 complaint, the court is unable to evaluate plaintiff's motion and proposed amended complaint.

18 Accordingly, the court will deny plaintiff's motion to amend at this time.

19   Finally, on January 20, 2015, plaintiff has filed a motion for preliminary injunctive relief

20 concerning his alleged inadequate medical care at CSP-Sacramento.  (Doc. No. 27)  On March

21 11, 2015, plaintiff filed a notice of change of address informing the court that he is now

22 incarcerated at Mule Creek State Prison.  (Doc. No. 28)  As such, plaintiff is no longer subject to

23 the alleged conditions he complained of at CSP-Sacramento.  See Weinstein v. Bradford, 423

24 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995).  Accordingly, the

25 court will deny plaintiff's motion for preliminary injunctive relief as having been rendered moot.

26 /////

27 /////

28 /////

8

1  **CONCLUSION**

2  Accordingly, IT IS HEREBY ORDERED that:

3  1. Defendants" request for judicial notice (Doc. No. 20-1) is granted;

4  2. Plaintiff"s motion to reinstate defendant Zamora (Doc. No. 18) is granted;

5  3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an

6  instruction sheet, and a copy of the amended complaint (Doc. No. 10);

7  4. Within thirty days from the date of this order, plaintiff shall complete the attached

8  Notice of Submission of Documents and submit all of the following documents to the court at the

9  same time:

10  a. The completed, signed Notice of Submission of Documents;

11  b. One completed summons;

12  c. One completed USM-285 form for defendant Zamora; and

13  d. Two copies of the endorsed amended complaint;

14  5. Plaintiff shall not attempt to effect service of the amended complaint on defendant

15  Zamora or request a waiver of service of summons from the defendant.  Upon receipt of the

16  above-described documents, the court will direct the United States Marshal to serve the above-

17  named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

18  6. Plaintiff"s motion to amend (Doc. No. 25) is denied; and

19  7. Plaintiff"s motion for preliminary injunctive relief (Doc. No. 27) is denied as moot.

20  8. The clerk of the court randomly assign a United States District Judge to this case.
IT IS HEREBY RECOMMENDED that:

21  1. Defendant"s motion to revoke plaintiff"s IFP status (Doc. No. 20) be denied;

22  2. Within forty-five (45) days of the date of any order adopting these findings and

23  recommendations, defendants be directed to file a response to plaintiff"s first amended complaint.

24  These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge"s Findings and Recommendations."  Any response to the

9

1   objections shall be filed and served within fourteen days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  March 24, 2015

5

6   _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    hick1687.57ifp

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HICKS,                              No.  2:13-cv-1687 WBS DAD P

12              Plaintiff,

13        v.                                     ORDER

14   BEHROZ HAMKAR et al.,

15              Defendants.

16

17        Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19        ____        **one** completed summons form

20        ____        **one** completed USM-285 form

21        ____        **two** copies of the Amended Complaint

22

23   DATED:

24

25                                     _____
                                       Plaintiff

26

27

28

                                               11