1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL HICKS,                              No.  2:13-cv-1687 KJM CKD P (TEMP)

12                  Plaintiff,

13        v.                                     ORDER AND

14   BEHROZ HAMKAR et al.,                       FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Several matters are pending before the court, including

19   plaintiff's motion for preliminary injunctive relief, plaintiff's motion to amend, and defendants'

20   motion for a protective order.  The court will address these matters in turn.

21                                   **BACKGROUND**

22        Plaintiff is proceeding on a first amended complaint against defendants Hamkar, Venes,

23   Johnson, Sayre, and Nangalama.  Therein, plaintiff claims that defendants' refusal to provide him

24   adequate medical care for his arthritic condition (moderate multilevel cervical spondylosis)

25   violates his rights under the Eighth Amendment.

26        On December 8, 2014, defendants filed a motion to revoke plaintiff's in forma pauperis

27   ("IFP") status.  On March, 25, 2015, then-Magistrate Judge Dale A. Drozd issued findings and

28   recommendations, recommending defendants' motion to revoke plaintiff's IFP status be denied

1  and defendants be ordered to file a response to plaintiff's first amended complaint within forty-

2  five days.  Although defendants had demonstrated that plaintiff had accrued three or more strikes

3  under 28 U.S.C. § 1915(g), Judge Drozd found that the allegations in plaintiff's original

4  complaint satisfied the imminent danger exception to the three strikes rule.  Judge Drozd also, by

5  order, denied plaintiff's motion for preliminary injunctive relief as having been rendered moot

6  because plaintiff had filed a notice of change of address in this action indicating he was no longer

7  subject to the alleged conditions he complained of in his motion.

8          Plaintiff filed objections to Judge Drozd's findings and recommendations.  On September

9  22, 2015, United States District Judge Kimberly J. Mueller adopted the findings and

10  recommendations in full and denied defendant's motion to revoke plaintiff's IFP status.  Judge

11  Mueller also construed plaintiff's objections as a motion for reconsideration of Judge Drozd's

12  order denying plaintiff's motion for preliminary injunctive relief as moot.  Judge Mueller vacated

13  that order because plaintiff had raised arguments in his objections that called into question

14  whether his motion had in fact been rendered moot by his transfer.  Judge Mueller referred the

15  matter back to the magistrate judge for further proceedings and issuance of findings and

16  recommendations on plaintiff's motion.

17                  **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

18          In plaintiff's motion for preliminary injunctive relief, plaintiff's allegations center on his

19  conditions of confinement at CSP-Sacramento and at High Desert State Prison where he believed

20  he was not receiving adequate physical therapy as a physical therapist at CSP-Sacramento had

21  previously recommended for his medical condition.  In various subsequent filings with this court,

22  plaintiff maintained that he still was not receiving adequate physical therapy at Mule Creek State

23  Prison and most recently at R.J. Donovan Correctional Facility.  In this regard, plaintiff claims

24  that prison officials have been deliberately indifferent to his serious medical needs.  See Estelle v.

25  Gamble, 429 U.S. 97 (1976).

26          Having reviewed plaintiff's motion for preliminary injunctive relief and his subsequent

27  filings with the court, the undersigned finds that plaintiff is not entitled to preliminary injunctive

28  relief.  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

1  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

2  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

3  is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting

4  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  See also 18 U.S.C. § 3626(a)(2)

5  (preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

6  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

7  correct the harm.").  Here, plaintiff has not shown that he is likely to succeed on the merits of his

8  claims.

9          In the Ninth Circuit, a deliberate indifference claim has two components:

10
11
12
13
14
15
16
> First, the plaintiff must show a "serious medical need" by
> demonstrating that "failure to treat a prisoner's condition could
> result in further significant injury or the 'unnecessary and wanton
> infliction of pain.'"  Second, the plaintiff must show the
> defendant's response to the need was deliberately indifferent.  This
> second prong – defendant's response to the need was deliberately
> indifferent – is satisfied by showing (a) a purposeful act or failure
> to respond to a prisoner's pain or possible medical need and (b)
> harm caused by the indifference.  Indifference "may appear when
> prison officials deny, delay or intentionally interfere with medical
> treatment, or it may be shown by the way in which prison
> physicians provide medical care." (internal citations omitted)

17  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

18          Although it appears plaintiff's moderate multilevel cervical spondylosis is a serious

19  medical need, plaintiff has not provided evidence to show that any defendants or prison officials

20  have acted with deliberate indifference to this serious medical need.  Based on plaintiff's

21  submissions to the court, this court simply cannot discern at this time whether defendants or

22  prison officials are denying plaintiff necessary and reasonably available care or whether

23  plaintiff's claims represent mere differences of opinion between a prisoner and prison medical

24  staff as to the proper course of treatment for his medical condition.  See Snow v. McDaniel, 681

25  F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744

26  F.3d 1076, 1083 (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

27  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff has not provided this court

28  with evidence demonstrating that the care he is receiving is medically unacceptable under the

1   circumstances or that defendants are acting in conscious disregard of an excessive risk to

2   plaintiff's health.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  See also Toguchi

3   v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

4          In fact, the evidence before the court indicates that defendants and prison officials have

5   attempted to address plaintiff's medical needs.  For example, plaintiff acknowledges that Dr.

6   Bobbala started to facilitate a medical transfer for him to California Medical Facility prior to

7   plaintiff's transfer to High Desert State Prison.  Plaintiff also acknowledges that prison officials

8   have provided him with some physical therapy and have submitted additional requests and

9   referrals for physical therapy and neurosurgeon appointments on his behalf.  While this evidence

10  is not conclusive of defendants' or prison officials' subjective state of mind as to plaintiff's

11  treatment, it is probative thereof and gives rise to a reasonable inference that they have not acted

12  with deliberate indifference to plaintiff's serious medical needs.  See Farmer v. Brennan, 511 U.S.

13  825, 834 (1994) (deliberate indifference to a medical need is shown only when a prison official

14  knows that an inmate has a serious medical need and disregards that need by failing to respond

15  reasonably).  See also Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

16  ("Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

17  action.") (citing Estelle, 429 U.S. at 105-06).

18         Finally, plaintiff has not provided evidence to show that he is likely to suffer irreparable

19  harm in the absence of preliminary injunctive relief and has not addressed how the balance of

20  equities tips in his favor or why an injunction is in the public interest.  Accordingly, for all of the

21  foregoing reasons, the court will recommend that plaintiff's motion for preliminary injunctive

22  relief be denied.

23                          **PLAINTIFF'S MOTION TO AMEND**

24         Plaintiff has filed a motion to amend his first amended complaint to clarify some of his

25  factual allegations against the defendants.  Plaintiff does not name any new defendants or state

26  any new causes of action in his proposed second amended complaint.  The defendants have filed a

27  statement of non-opposition to plaintiff's motion.  In addition, defendants have requested an

28  extension of time to file a response to plaintiff's complaint until after this court has ruled on

4

1    plaintiff's motion to amend.

2         Federal Rule of Civil Procedure 15 provides in relevant part:

3              (1) **Amending as a Matter of Course.**  A party may amend its
             pleading once as a matter of course within:
4
5                  (A) 21 days after serving it, or

6                  (B) if the pleading is one to which a responsive pleading is
             required, 21 days after service of a responsive pleading or 21 days
7            after service of a motion under Rule 12(b), (e), or (f), whichever is
             earlier.
8
               (2) **Other Amendments.**  In all other cases, a party may amend its
9            pleading only with the opposing party's written consent or the
             court's leave.  The court should freely give leave when justice so
10           requires.

11   Fed. R. Civ. P. 15.

12        Under the circumstances of this case, and having screened plaintiff's proposed second

13   amended complaint, the court will grant plaintiff's motion to amend and order the parties to

14   proceed on plaintiff's second amended complaint.  In addition, the court will grant defendants'

15   motion for an extension of time to respond to plaintiff's complaint and order defendants to file

16   their response to plaintiff's second amended complaint within seven days.  Finally, the court

17   notes that prior to plaintiff filing his motion to amend and second amended complaint, defendants

18   Zamora and Venes filed a motion to dismiss plaintiff's first amended complaint pursuant to

19   Federal Rule of Civil Procedure 12(b)(6).  In light of the case developments discussed herein, the

20   court will deny defendants' motion to dismiss as having been rendered moot.

21                      **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

22        Defendants have filed a motion for a protective order staying discovery pending

23   adjudication of defendants' forthcoming motion to dismiss.  Defendants argue that allowing

24   discovery before ruling on a qualified immunity defense in a pre-answer motion to dismiss would

25   deprive defendants of one of the benefits of qualified immunity, namely, avoiding the burdens of

26   unnecessary discovery.  According to the defendants, plaintiff has already served defendants

27   Hamkar and Sayre with discovery requests.  Plaintiff has not opposed or otherwise responded to

28   defendants' motion.

Under Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, issue a protective order that forbids or limits discovery.  See Fed. R. Civ. P. 26(c)(1).  A district court's stay of discovery pending a ruling on questions of immunity "furthers the goal of efficiency for the court and litigants."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

Good cause appearing, the court will grant defendants' motion for a protective order and will stay discovery until thirty days after the court rules on defendants' forthcoming motion to dismiss.

## OTHER MATTERS

On June 17, 2015, plaintiff moved the court for an order to show cause as to why defendants should not have to pay monetary sanctions for failing to respond to plaintiff's first amended complaint.  As defendants argue in opposition to plaintiff's motion, however, at the time plaintiff filed his motion for an order to show cause, defendants were under no obligation to file a response to plaintiff's complaint.  As noted above, on March, 25, 2015, then-Magistrate Judge Drozd issued findings and recommendations, recommending defendants' motion to revoke plaintiff's IFP status be denied and defendants be ordered to file a response to plaintiff's first amended complaint within forty-five days.  Judge Mueller did not adopt Judge Drozd's recommendations until September 22, 2015.  Accordingly, the court will deny plaintiff's motion for an order to show cause.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to amend (Doc. No. 51) is granted.  The parties shall now proceed on plaintiff's second amended complaint in this action.

2.  Defendants' motion for an extension of time to file a response to plaintiff's complaint (Doc. No. 59) is granted.  Defendants shall file a response to plaintiff's second amended complaint within seven days of the date of this order;

3.  Defendant Zamora and Venes' motion to dismiss (Doc. No. 40) is denied as having been rendered moot;

/////

6

1    4.  Defendants' motion for a protective order (Doc. No. 55) is granted.  Discovery is

2    stayed until thirty days after the court rules on defendants' forthcoming motion to dismiss based

3    on qualified immunity; and

4    5.  Plaintiff's motion for an order to show cause as to why defendants should not have to

5    pay monetary sanctions (Doc. No. 38) is denied.

6    IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive

7    relief (Doc. No. 27) be denied.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court and serve a copy on all parties.  Such a document should be captioned

12   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13   objections shall be filed and served within fourteen days after service of the objections.  The

14   parties are advised that failure to file objections within the specified time may waive the right to

15   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  December 3, 2015

17   CAROLYN K. DELANEY

18   UNITED STATES MAGISTRATE JUDGE

19

20

21   ec
     hick1687.mta

22

23

24

25

26

27

28