UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. 13-cv-01687 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| BEHROZ HAMKAR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.   October 6, 2016 Findings and Recommendations

On October 6, 2016, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 92. Plaintiff has filed objections to the findings and recommendations, ECF No. 95, and defendants have filed a reply, ECF No. 97.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, for the reasons set forth in this order the court adopts the findings and recommendations to the extent consistent with

1

1 this order, otherwise declines to adopt them, and refers the matter back to the assigned magistrate
2 judge for further proceedings consistent with this order.

3     This action is currently proceeding on plaintiff's Second Amended Complaint (SAC),
4 filed September 14, 2015.  ECF No. 51.  Plaintiff brings claims against six defendants,
5 contending they have violated plaintiff's rights under the Eighth Amendment by acting with
6 deliberate indifference to his need for adequate medical care for his diagnosed degenerative disc
7 disease and bone spurring in his lower neck.  Plaintiff also brings state law claims under Article 1,
8 section 17 of the California Constitution and California Government Code section 845.6.
9 Defendants have moved to dismiss.  ECF No. 62.  The magistrate judge recommends dismissal of
10 plaintiff's Eighth Amendment claims and his state constitutional claims with prejudice and that
11 the court decline to exercise supplemental jurisdiction over the remaining state law claims.

12     <u>Defendant Venes</u>

13     Specifically, the magistrate judge recommends dismissal of defendant Dr. Venes with
14 prejudice on the ground that, although plaintiff has alleged that defendant Venes was aware of
15 plaintiff's need for trigger point injections as recommended by a prison chronic care committee
16 and refused to administer those injections or provide an alternative way for plaintiff to receive
17 them, plaintiff has not alleged facts to show the delay caused by defendant Venes' acts and
18 omissions was harmful.  *See* ECF No. 92 at 7-9.  The magistrate judge relies on an allegation in
19 the Second Amended Complaint that trigger point injections given to plaintiff on November 8,
20 2012, four months after the last set of injections, "were 'not effective' in addressing his neck
21 pain." ECF No. 92 at 9 (quoting ECF No. 51 at 12).  Plaintiff objects to this finding, contending
22 it construes his allegations and claim against defendant Venes too narrowly.  *See* ECF No. 95 at
23 9-10.  Plaintiff's objections are accompanied by exhibits from his medical record, which state that
24 "[t]rigger point injections do give relief for about 45 days", ECF No. 95 at 18, and show that
25 plaintiff was given effective trigger point injections on January 17, 2013, as plaintiff asserts in his
26 objections.  ECF No. 95 at 10, 23.  The latter exhibit contradicts an allegation in the Second
27 Amended Complaint, that plaintiff's last trigger point injection prior to his March 2013 transfer to
28 California State Prison-Sacramento (CSP-Sacramento) was the November 8, 2012 injection, *see*

ECF No. 51 at 13, but is supported by Exhibit G to the Second Amended Complaint, which states that plaintiff received trigger point injections on January 17, 2013. ECF No. 51 at 60. In his objections, plaintiff also notes that he continued to request trigger point injections once he arrived at CSP-Sacramento. ECF No. 95 at 7. This mirrors an allegation in the Second Amended Complaint. *See* ECF No. 51 at 13.

After review of the record, the court cannot agree with the magistrate judge's finding that plaintiff's allegations are insufficient to support a finding that the delay caused by defendant Venes' actions was not harmful. Plaintiff alleges that he told defendant Venes in July 2012 that trigger point injections prescribed in March 2012 were "overdue", that plaintiff was suffering from "chronic sever [sic] neck and shoulder pain", and that he did not receive further injections until November 2012. ECF No. 51 at 9-12. In view of plaintiff's objections, the court finds a number of differing inferences might be drawn about why the November 2012 injections were ineffective, none of which are conclusive on the current record. Furthermore, plaintiff's allegations concerning the effectiveness of other trigger point injections he received and his continued efforts to get the injections support an inference that treatment with trigger point injections was overall an effective modality even if one set of injections in November 2012 was not effective.

In the reply, defendants contend plaintiff may not use his objections "to amend or supplement the operative" Second Amended Complaint. ECF No. 97 at 1-2. Defendants' contention is without merit. The issue is what inferences may be drawn concerning whether the delay between trigger point injections was harmful, and the allegations of the Second Amended Complaint are sufficient to support an inference that the delay may have been harmful.

For the foregoing reasons, the court finds plaintiff has adequately alleged that delay caused by defendant Venes' denial of access to trigger point injections was harmful and has stated a cognizable Eighth Amendment claim against defendant Venes.

Defendant Hamkar

The court also disagrees with the magistrate judge's findings that plaintiff's allegations against defendant Hamkar, a doctor, "merely suggest a difference of opinion regarding his

3

1   medication and treatment." ECF No. 92 at 9. Plaintiff alleges that he saw defendant Hamkar in
2   July 2013. ECF No. 92 at 4. At that point, plaintiff's diagnosis was two years old and he had
3   been prescribed trigger point injections and physical therapy by other physicians in the California
4   Prison System. *Id*. at 3-4. He had been treated with over-the-counter medications and Tylenol
5   with Codeine, and he had informed Dr. Venes that naproxen was ineffective and risky given that
6   plaintiff also has Hepatitis C. *Id*. at 3. Plaintiff had received four sessions of physical therapy,
7   requested by another physician in April 2013, two months before plaintiff saw defendant Hamkar.
8   Plaintiff alleges that defendant Hamkar told him physical therapy "was not feasible" because
9   plaintiff was housed in a psychiatric services unit and therefore "he would 'just have to live with
10  it,'" and also denied referral to a chronic pain care committee, for a medical transfer, and for
11  trigger point injections, and treated plaintiff with only a double dose of naproxen for pain relief.
12  ECF No. 92 at 4. Deliberate indifference is shown if physicians choose a "course of treatment"
13  that is "medically unacceptable under the circumstances" and the course of treatment was chosen
14  "in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d
15  330, 332 (9th Cir. 1996) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, __, 114 S Ct. 1970,
16  1978-79 (1994)). The allegations concerning defendant Hamkar's response to plaintiff give rise
17  to an inference of deliberate indifference.

18        <u>Defendants Yeboah, Sayre and Zamora</u>

19        The magistrate judge also recommends dismissal with prejudice of plaintiff's claims
20  against defendants Yeboah, Sayre and Zamora, each of whom were allegedly involved in
21  plaintiff's administrative appeal concerning Dr. Venes' treatment. The magistrate judge cites a
22  number of reasons to support the recommendation, including the fact that plaintiff has failed to
23  state a claim that defendant Venes violated his Eighth Amendment rights, so no constitutional
24  violation can be attributed to these two defendants through their participation in the denial of
25  plaintiff's grievance. An appeals coordinator cannot be liable for past and completed
26  constitutional violations. *See Herrera v. Hall*, 2010 WL 2791586, at *4 (E.D. Cal. 2010). This is

27  > because an appeals coordinator does not cause or contribute to a
28  > completed constitutional violation that occurs in the past. *See George v. Smith*, 507 F.3d 605, 609–610 (7th Cir.2007) ("[a] guard

4

> who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

*Id*. Liberally construed, plaintiff's allegations are sufficient to state an Eighth Amendment claim against these three defendants for failing to intervene in an ongoing Eighth Amendment violation, namely, denial of necessary medical treatment for plaintiff's cervical spine conditions.

In addition, because plaintiff has stated cognizable Eighth Amendment claims, the court declines to adopt the recommendation that the court decline to exercise supplemental jurisdiction over plaintiff's California Government Code section 845.6 claims. Finally, the court corrects a typographical error on page 11, line 1, correcting the word "excess" to "access".

II. Plaintiff's March 23, 2016 Motion for Reconsideration

Plaintiff has moved for reconsideration of this court's March 7, 2016 order, ECF No. 78, denying a motion for preliminary injunction he filed on January 20, 2015, ECF No. 27.

The court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). """A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.""" *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).

/////

5

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds* 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(j) requires a party to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

The court has carefully reviewed plaintiff's motion for reconsideration. Plaintiff has not met the heavy burden he has in order to obtain reconsideration of the prior order. In addition, the motion for injunctive relief that was the subject of the March 7, 2016 order was filed in January 2015. The Second Amended Complaint, which is now the operative pleading in this action, was filed eight months later in September 2015. Moreover, on October 14, 2016, plaintiff filed a new motion for preliminary injunction again seeking injunctive relief concerning ongoing medical complaints. That motion is pending before the magistrate judge and will be considered in light of circumstances more current than those that gave rise to plaintiff's original motion.

For all of these reasons, plaintiff's motion for reconsideration will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 6, 2016, are adopted to the extent consistent with this order and otherwise not adopted;

2. Defendants' December 10, 2015 motion to dismiss, ECF No. 62, is granted as to plaintiff's California Constitutional claims against all defendants and is otherwise denied;

3. Plaintiff's March 23, 2016 motion for reconsideration is denied; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE