UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. 2:13-cv-1687 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BEHROZ HAMKAR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Before the court is plaintiff's motion for injunctive relief.  (ECF No. 93.)  The court will recommend denial of plaintiff's motion without prejudice to its renewal with current information on his medical care.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint ("SAC") filed on September 14, 2015.  (ECF No. 51.)  Plaintiff alleges defendants Hamkar, Venes, Yeboah, Sayre, Zamora, and Nangalama failed to appropriately treat the pain he suffers as a result of a degenerative disk disease and bone spurring in his lower neck.

In December 2015, defendants moved to dismiss the SAC.  On October 6, 2016, the undersigned found plaintiff failed to state a cognizable § 1983 claim against any defendant and

1  recommended the motions to dismiss be granted. (ECF No. 92.) Plaintiff objected to that
2  recommendation. On October 14, 2016, plaintiff filed the present motion for injunctive relief.
3  (ECF No. 93.) Plaintiff contends the prison continues to provide inadequate treatment for his
4  pain. He seeks a transfer to a prison that can provide him cervical traction on a regular basis.
5  On July 21, 2017, District Judge Mueller granted in part and denied in part the motions to
6  dismiss. (ECF No. 103.) Judge Mueller found plaintiff stated cognizable Eighth Amendment
7  claims.

## MOTION FOR INJUNCTION

Plaintiff seeks a court order requiring the prison to transfer him to a facility that can accommodate his need for regular cervical traction to treat his pain. (ECF No. 93.)

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is

1  not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See

2  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

3  may issue an injunction if it has personal jurisdiction over the parties and subject matter

4  jurisdiction over the claims . . . .").

5  In cases brought by prisoners involving conditions of confinement, any preliminary

6  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

7  court finds requires preliminary relief, and be the least intrusive means necessary to correct that

8  harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action

9  is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

10  (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

11  which he is not designated as a party . . . .").[1]

12  This court reserved ruling on plaintiff's motion for injunctive relief until resolution of the

13  motion to dismiss. Now that the district judge has ruled that plaintiff stated cognizable claims for

14  deliberate indifference to his serious medical needs, this court may consider plaintiff's motion for

15  an injunction. The problem, however, is that over nine months have passed since plaintiff filed

16  his motion. Because plaintiff is seeking specific medical care, the court should not consider his

17  request without knowing what care he is currently receiving. For these reasons, the court will

18  recommend denial of plaintiff's motion without prejudice. If the district judge adopts that

19  recommendation, plaintiff may file a renewed motion, with current medical information.

20  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 14, 2016 (ECF No.

21  93) motion for an injunction be denied without prejudice.

22  ////

23

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 25, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hick1687.inj