UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEHROZ HAMKAR, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1687 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights when they failed to provide him appropriate pain relief. Before the court are plaintiff's motions to file a third amended complaint (ECF No. 120) and for an extension of time to propound discovery (ECF No. 127). Defendants oppose both motions. (ECF Nos. 121, 128.) For the reasons set forth below, the court denies plaintiff's motion for an extension of time, without prejudice to its renewal at an appropriate time, and recommends plaintiff's motion to amend be granted in part.

## BACKGROUND

Plaintiff is a state prison inmate currently incarcerated at California State Prison - Corcoran. (ECF No. 107.) Plaintiff initially filed this action under 42 U.S.C. § 1983 against numerous defendants on August 15, 2013. (ECF No. 1.) The original complaint was dismissed during the screening process and plaintiff was granted leave to file an amended complaint. (ECF No. 5.)

Plaintiff's first amended complaint (ECF No. 10) presented cognizable claims against defendants Hamkar, Venes, Yeboah (Johnson),[1] Sayre, Zamora, and Nangalama. (ECF No. 16.) After defendants Zamora and Venes filed motions to dismiss (ECF Nos. 40, 42) the first amended complaint, plaintiff moved to amend (ECF No. 51). The court granted the motion to amend and denied the then-pending motions to dismiss. (ECF No. 61.)

Plaintiff filed a second amended complaint against defendants Hamkar, Venes, Yeboah, Sayre, Zamora, and Nangalama. (ECF No. 51.) On December 10, 2015, defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it failed to state cognizable claims. (ECF No. 62.) On April 22, 2016, plaintiff moved to file a third amended complaint. (ECF No. 84.) Defendants opposed that motion. (ECF No. 87.) In his reply, plaintiff conceded that the third amended complaint "names the same defendants and asserts the same claims for relief" as the second amended complaint. (ECF No. 88 at 1.) Plaintiff stated that he did not oppose having the court resolve the motion to dismiss prior to considering his motion to amend. (Id. at 2.)

On October 6, 2016, this court issued findings and recommendations granting defendants' motion to dismiss. (ECF No. 92.) Plaintiff filed objections. (ECF No. 95.) On July 21, 2017, the district judge adopted in part and rejected in part the findings and recommendations. (ECF No. 103.) The district judge held that plaintiff had stated cognizable claims against defendants Hamkar, Venes, Yeboah, Sayre, and Zamora. The district judge adopted this court's recommendation that the claims against defendant Nangalama be dismissed. (Id.; ECF No. 108.)

On September 8, 2017, defendants Hamkar, Venes, Yeboah, Sayre, and Zamora filed an answer. (ECF No. 116.) On September 12, 2017, the court issued a Discovery and Scheduling Order setting a deadline of January 5, 2018 for discovery and a deadline of March 30, 2018 for all pretrial motions, except motions to compel discovery. (ECF No. 117.)

---

[1] Plaintiff names the senior registered nurse who interviewed him on September 19, 2012 as "S. Johnson" based upon the decision of defendant Sayre on plaintiff's inmate appeal. (ECF No. 51 at 4, 37.) Defendants refer to this same defendant as "S. Yeboah (Johnson)." (ECF No. 62.) The docket sheet for this case uses only "Johnson" as the defendant. The court, for the sake of clarity, will refer to this defendant as "Yeboah" because this defendant's own counsel uses this name in the filings.

On October 11, 2017, plaintiff filed the present motion to amend the complaint. (ECF No. 120.) Plaintiff seeks to add claims against three new defendants. Defendants oppose the motion. (ECF No. 121.) Plaintiff filed a reply. (ECF No. 124.)

On November 13, 2017, plaintiff filed a motion for a fourteen-day extension of the time to propound discovery. (ECF No. 127.) Defendants filed an opposition. (ECF No. 128.)

**MOTION TO AMEND**

**I.     Legal Standards**

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). " [T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). However, the Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record. Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past. Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit has interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The factors do not carry equal weight. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Id. "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid

claim. See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6). Id. In that analysis, the court reviews the complaint for "facial plausibility." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**II.     Analysis**

   **A.  Parties' Arguments**

Plaintiff contends that "[d]uring the pendency of defendants' motion to dismiss . . . additional health records were found that served to find names and dates that support" the additional claims. (ECF No. 120 at 2-3.) Plaintiff identifies the new defendants as Susan Ray, RN; Sue Risenhoover, FNP; and A. Rochuba, RN.[2] (Id. at 3.) He states that his claims against the existing defendants remain the same. Defendants do not challenge that characterization of the new complaint.

In the proposed third amended complaint, attached to plaintiff's motion, he states the following claims against each of these new defendants:[3]

- On June 21, 2012, plaintiff was seen by defendant Ray. Plaintiff complained that his neck and shoulder pain were returning and requested another round of trigger point injections and to be seen by a doctor. Ray examined plaintiff and told him the doctor was too busy to see him at that time, but that she would attempt to contact the doctor.

---

[2] In the Memorandum of Points and Authorities in Support of Motion to Amend Complaint, which plaintiff attached to the end of his third amended complaint, plaintiff states that he is amending his complaint to add defendant "B. Muniz, Warden, Salinas Valley State Prison." (ECF No. 120 at 24.) It is clear from the beginning of plaintiff's motion and from the allegations in his proposed third amended complaint that this statement is in error. Further, the argument made in these points and authorities appears to involve an earlier motion to amend the complaint. The court will disregard it.

[3] An overview of plaintiff's claims against defendants Hamkar, Venes, Yeboah, Sayre, and Zamora can be found in the October 6, 2016 findings and recommendations. (ECF No. 92 at 3-6.)

4

|   |   |
|---|---|
| 1 | Ray then contacted defendant Risenhoover by phone.  Ray told Risenhoover that |
| 2 | plaintiff had a doctor's order for trigger point injections and that plaintiff appeared to |
| 3 | be in pain.  Risenhoover "denied the request to be seen or referred to specialty clinic |
| 4 | for at least one month." (<u>Id.</u> at 16-17.) |

- On August 15, 2012, plaintiff submitted a sick call request for renewal of his prescription for naproxen and for a referral to the specialty clinic for trigger point injections.  Defendant Rochuba saw plaintiff and informed him, as defendant Venes had done previously, that the doctor who does trigger point injections was unavailable "for some time."  Rochuba also denied plaintiff's requests to be seen by a doctor or sent to an outside facility. (<u>Id.</u> at 18-19.)

Defendants make two arguments in opposition to plaintiff's motion.  First, they contend amendment is futile because plaintiff's new claims against the new defendants are barred by the statute of limitations.  Second, they argue that plaintiff fails to state cognizable claims against defendants Ray and Risenhoover.  In his reply, plaintiff argues he is entitled to equitable tolling during the pendency of the motion to dismiss.  He further argues that he has sufficiently stated claims against these two defendants.

**B.  Should Plaintiff be Permitted to Amend?**

Considering the four <u>Foman</u> factors set out above, the court will recommend plaintiff's motion be granted with respect to his claims against defendants Risenhoover and Rochuba.

**1.  Undue Delay**

The first factor is whether plaintiff has unduly delayed in raising these claims.  The court does not find plaintiff's explanation for the delay particularly satisfactory.  Plaintiff simply states that that additional medical records "were found" during the "pendency of defendants' motion to dismiss."  Plaintiff does not explain the basis for the delay in his receipt of these medical records.  Nor does plaintiff explain just when, during the year and a half time period between defendants' filing of the motion to dismiss and the court's final resolution of it, he obtained this information.  Nonetheless, courts have stressed that amendment should be liberally granted and that delay alone should not defeat a party's right to amend.

**2. Bad Faith**

The second Foman factor is bad faith. The court finds no indication plaintiff makes this motion in bad faith or for purposes of delay.

**3. Futility**

Defendants focus their opposition on the futility argument. Defendants argue that plaintiff's new claims will be barred by the statute of limitations and, therefore, amending the complaint to include these new claims would be futile. They further argue that plaintiff fails to state cognizable claims against two of the three new defendants. Plaintiff argues that he is entitled to equitable tolling of the statute and that he has alleged sufficient facts to state claims against all the new defendants.

**a. Futility Based on Application of the Statute of Limitations**

For actions under 42 U.S.C. § 1983, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[4]

This limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

Also in California, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). Because administrative exhaustion is statutorily required of prisoner civil rights complaints under the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a), this

---

[4] Plaintiff argues, without citation to authority, that the limitations period for malpractice actions, which is three years in California, should apply. Case law is clear that for § 1983 actions, federal courts borrow the state statutes of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007).

requirement provides a federal statutory basis to invoke the state's equitable tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519 (7th Cir. 2001)

Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted); see also Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003) ("This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice."); but see Diggs v. Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8, 2006) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action."), rep. and reco. adopted, 2006 WL 2527949 (E.D. Cal. Aug. 31, 2006).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

This court may resolve the question of the statute of limitations at this stage only where the "'running of the statute [of limitations] is apparent on the face of the complaint.'" United States ex rel. Air Control Tech., Inc. v. Pre Con Industries, Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)); see also Ritchie v. United States, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) ("Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted."). Plaintiff does not dispute that the limitations period began to run when he completed his administrative appeals on July 26, 2013. Plaintiff argues that he is entitled to equitable tolling because he did
////

not believe he could seek to file an amended complaint during the pendency of the motion to dismiss.

Plaintiff contends defendants "blocked" plaintiff from amending his complaint while the motion to dismiss was pending. Plaintiff's contention is misleading. As described by the court in the October 6, 2016 findings and recommendations, plaintiff agreed that the court should resolve the motion to dismiss before considering his April 2016 motion to amend the complaint. (ECF No. 92 at 1-2.) Plaintiff agreed with defendants that the proposed third amended complaint he sought to file in April 2016 "names the same defendants and asserts the same claims for relief" as the second amended complaint. (ECF No. 88 at 1.) Plaintiff made no mention at that time of new claims against new defendants.

That said, the undersigned recognizes that in its findings and recommendations it found amendment of the complaint unnecessary because this court felt that plaintiff could not "establish a plausible claim as a matter of law and amendment would be futile." (ECF No. 92 at 16.) Based on the court's findings and recommendations, plaintiff could have reasonably felt he was not permitted to attempt to amend his complaint. Therefore, assuming the statute of limitations has run on plaintiff's new claims, plaintiff may have a basis to argue equitable tolling. Because the question of equitable tolling is a factual one, which is not based on the face of plaintiff's complaint, it should not be resolved at this stage of the proceedings. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (questions of equitable tolling are "'not generally amenable to resolution'" in a motion to dismiss) (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993)). The court should not find amendment of the complaint futile on the grounds that plaintiff's new claims are untimely.[5]

### b. Futility of Claims against Ray and Risenhoover

A court may also find amendment futile if the new claims are not cognizable under 42 U.S.C. § 1983. Miller, 845 F.2d at 214. Plaintiff alleges the three new defendants were deliberately

---

[5] To be clear, in making this recommendation this court is not rendering an opinion on either the timeliness of plaintiff's third amended complaint or on the viability of plaintiff's equitable tolling argument.

8

indifferent to his serious medical needs in violation of the Eighth Amendment. To state an Eighth Amendment claim arising in the context of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Plaintiff's allegations against defendant Ray show that she recognized he was in pain and contacted nurse practitioner Risenhoover to look into contacting the doctor. In his reply brief, plaintiff argues that Ray deliberately ignored Dr. Martinelli's order that he be provided further trigger point injections. But, plaintiff does not allege defendant Ray had the authority to give him an injection or that her apparent deference to Risenhoover was not appropriate. On these facts, plaintiff does not show Ray acted with deliberate indifference to his pain.

Plaintiff's allegations against Risenhoover are that Ray told her plaintiff was in pain and Risenhoover responded that plaintiff would have to wait to see a doctor, apparently for a month. While these allegations are minimal, they are sufficient to show that Risenhoover ignored plaintiff's requests, despite being told he was in pain and that he had been approved for trigger point injections. It is possible this inaction could be construed as deliberate indifference.

Defendants do not dispute the adequacy of plaintiff's allegations against defendant Rochuba and this court independently finds them sufficient to state an Eighth Amendment claim.

9

This court finds plaintiff's allegations against defendant Ray are insufficient to support a claim. However, plaintiff should be permitted to file his proposed third amended complaint to include defendants Risenhoover and Rochuba in this action.

### 4. Prejudice

The final factor in considering a motion to amend is whether defendants will suffer prejudice if amendment is granted. "'[P]rejudice to the opposing party carries the greatest weight'" of the factors. Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). And, the addition of new parties "presents an acute threat of prejudice to that new party." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir.1987).

The current defendants do not allege that they will be prejudiced. They argue that the new defendants will be prejudiced because more than five years have passed since the alleged injuries occurred. Defendants contend, without any specificity, that "[d]ocuments have been lost" and "[m]emories have faded." These generalizations are insufficient to demonstrate the new defendants will be prejudiced by their addition to this action. See James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings, Inc., No. C 11-1613 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial."). This case has not proceeded far. It is still in the discovery stage – plaintiff filed his motion almost three months before the close of discovery. Further, any prejudice to the new defendants is outweighed by the potential prejudice plaintiff may suffer if he is not permitted to have his cognizable claims considered. This court finds any prejudice to the new defendants does not shift the weight of the Foman factors in defendants' favor.

### MOTION FOR EXTENSION OF TIME

Plaintiff seeks a fourteen-day extension of time to conduct discovery based on an extension of time defendants received to respond to discovery. (ECF No. 127.) Plaintiff states that once he reviews defendants' responses, he may wish to serve additional discovery requests. Defendants oppose plaintiff's request as premature and unsupported by good cause. This court agrees. If plaintiff feels he requires additional discovery after he receives defendants' discovery

responses, he may seek an extension of any deadlines at that time by making a showing of good cause. If plaintiff does make that motion, the court assures him that it will take into account the extensions of time defendants have been provided to respond to discovery.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time to propound discovery (ECF No. 127) is denied without prejudice to its renewal at the appropriate time; and

IT IS HEREBY RECOMMENDED that plaintiff's motion to file a third amended complaint (ECF No. 120) be granted as to his claims against defendants Risenhoover and Rochuba.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hick1687.mta2